**E-filed 12/22/06**

1  DANIEL M. FEINBERG (Cal. State Bar No. 135983)
   LEWIS, FEINBERG, RENAKER & JACKSON, P.C.
2  1330 Broadway, Suite 1800
   Oakland, California  94612
3  Telephone:  (510) 839-6824
   Facsimile:  (510) 839-7839
4  E-mail:  dfeinberg@lewisfeinberg.com

5  (Additional counsel listed on second page)

6  Attorneys for Plaintiff Gustavo Herrera

7  JEFFREY D. WOHL (Cal. State Bar No. 96838)
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
8  55 Second Street, 24th Floor
   San Francisco, California  94105-3441
9  Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
10 E-mail:  jeffwohl@paulhastings.com

11 (Additional counsel listed on second page)

12
   Attorneys for Defendant Sodexho, Inc.
13

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16                   SAN JOSE DIVISION

17

18 GUSTAVO HERRERA individually and          No. C-05-1247-JF
   on behalf of others similarly situated, and
19 the general public,                        **STIPULATION AND [PROPOSED] ORDER RE:
                                              DISMISSAL AND JANUARY 12, 2007 STATUS**
20              Plaintiff,                     **CONFERENCE**

21      vs.

22 SODEXHO, INC., a Delaware corporation,
   and Does 1 through 10, inclusive,
23
                Defendants.
24

25

26

27

28
                                       STIPULATION AND ORDER RE: DISMISSAL
                                       U.S.D.C., N.D. Cal., No. C-05-1247-JF

LEGAL_US_W # 53126792.1

1    Additional counsel for plaintiff:

2    AARON KAUFMANN (Cal. State Bar No. 148580)
     DAVID POGREL (Cal. State Bar No. 203787)
3    HINTON, ALFERT & SUMNER
     1646 No. California Blvd., Suite 600
4    Walnut Creek, California 94596
     Telephone: (925) 932-6006
5    Facsimile: (925) 932-3412
     E-mail: kaufmann@hinton-law.com
6    E-mail: pogrel@hinton-law.com

7    JOHN W. BEEBE (Cal. State Bar No. 183500)
     GREEN & AZEVEDO
8    1234 H Street
     Sacramento, California 95814
9    Telephone: (916) 446-7701
     Facsimile: (916) 446-3430
10   E-mail: jbeebe@green-azevedo.com

11   Additional counsel for defendant:

12   STEPHEN H. HARRIS (Cal. State Bar No. 184608)
     PAUL, HASTINGS, JANOFSKY & WALKER LLP
13   515 South Flower Street, 25th Floor
     Los Angeles, California 90071
14   Telephone: (213) 683-6000
     Facsimile: (213) 627-0705

15   E-mail: stephenharris@paulhastings.com

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 53126792.1

1

### STIPULATION

2    Plaintiff Gustavo Herrera and defendant Sodexho, Inc., acting through their respective counsel of

3    record, hereby stipulate as follows:

4    1.    This action, *Herrera* v. *Sodexho, Inc.*, U.S.D.C., N.D. Cal., No. C-05-1247-JF

5    ("*Herrera*"), and a related action, *Cevallos* v. *Sodexho, Inc.*, U.S.D.C., N.D. Cal., No. C-05-1671-JF

6    ("*Cevallos*"), both are currently pending before this Court.  A status conference in both actions is

7    scheduled for Friday, January 12, 2007.

8    2.    In December 2005, the parties settled both the *Herrera* and the *Cevallos* actions.  In order

9    to avoid disputes over this Court's authority to approve the class action settlement (the parties disputed

10   this Court's subject matter jurisdiction), the parties requested that this Court delay further proceedings

11   so that the plaintiffs in both actions could file a settlement action in Alameda County Superior Court,

12   which they did (*Cevallos, et al., v. Sodexho, Inc.*, Case No. RG06268867 (the "State Court Action").

13   3.    On October 19, 2006, the Alameda County Superior Court granted final approval to the

14   class action settlement in the State Court Action, thereby resolving all claims herein.  A copy of the final

15   approval order is attached as Exhibit A for the Court's reference.

16   4.    Pursuant to the settlement and Federal Rule of Civil Procedure 41(a)(1), the parties

17   hereby stipulate by and through their designated counsel of record that the above-captioned action be

18   and hereby is dismissed with prejudice, with each side to bear its own fees and costs.

19   5.    The parties further believe there is good cause, and on that basis request, that the January

20   12, 2007 Status Conference be vacated.

21

22

23

24

25

26

27

28

STIPULATION AND ORDER RE: DISMISSAL
U.S.D.C., N.D. Cal., No. C-05-1247-JF

1

2        Dated:  December 21, 2006.     DANIEL FEINBERG
                                        LEWIS, FEINBERG, RENAKER & JACKSON P.C.

3                                       AARON KAUFMANN
                                        DAVID POGREL
4                                       HINTON, ALFERT & SUMNER

5                                       JOHN W. BEEBE
                                        GREEN & AZEVEDO
6

7                                       By: _____
                                                     Daniel Feinberg
8                                       Attorneys for Plaintiff Gustavo Herrera

9

10       Dated:  December 21, 2006.     JEFFREY D. WOHL
                                        STEPHEN H. HARRIS
11                                      PAUL, HASTINGS, JANOFSKY & WALKER LLP

12
                                        By: _____
13                                                   Stephen H. Harris
                                        Attorneys for Defendant Sodexho, Inc.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            2        STIPULATION AND ORDER RE: DISMISSAL
                                                     U.S.D.C., N.D. Cal., No. C-05-1247-JF

LEGAL_US_W # 53126792.1

1

## ORDER

2

Based on the parties' stipulation, and good cause appearing therefor,

3

IT IS ORDERED that this action is DISMISSED WITH PREJUDICE, with each party to bear its

4

own fees and costs and the January 12, 2007, status conference be and hereby is VACATED.

5

Dated:  December 22 , 2006.

_____

6

Jeremy Fogel
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND ORDER RE: DISMISSAL
U.S.D.C., N.D. Cal., No. C-05-1247-JF

LEGAL_US_W # 53126792.1

# EXHIBIT A


*4413392*

1    DANIEL M. FEINBERG (Cal. State Bar No. 135983)
     LEWIS, FEINBERG, RENAKER & JACKSON, P.C.
2    1330 Broadway, Suite 1800
     Oakland, California 94612                          ENDORSED
3    Telephone:    (510) 839-6824                        FILED
     Facsimile:    (510) 839-7839                   ALAMEDA COUNTY
4    E-mail: dfeinberg@lewisfeinberg.com
                                                      NOV 2 1 2006
5    (Additional counsel listed on second page)
                                                  CLERK OF THE SUPERIOR COURT
6    Attorneys for Plaintiffs Herbert Cevallos, Javier Castaneda,   By   HOLLIE M. ADAMIC
     Carolina Zavala, and Gustavo Herrera                                      Deputy
7
     JEFFREY D. WOHL (Cal. State Bar No. 96838)
8    PAUL, HASTINGS, JANOFSKY & WALKER LLP
     55 Second Street, 24th Floor
9    San Francisco, California 94105-3441
     Telephone: (415) 856-7000
10   Facsimile: (415) 856-7100
     E-mail: jeffwohl@paulhastings.com
11
     (additional counsel listed on second page)
12
     Attorneys for Defendant Sodexho, Inc.
13

14               SUPERIOR COURT OF CALIFORNIA

15                    COUNTY OF ALAMEDA

16

17   HERBERT CEVALLOS, JAVIER              No. RG06268867
     CASTANEDA, CAROLINA ZAVALA,
18   AND GUSTAVO HERRERA on behalf of      [PROPOSED] ORDER GRANTING FINAL
     themselves and all others similarly situated,   APPROVAL OF CLASS SETTLEMENT
19
                    Plaintiffs,            Date:    October 19, 2006
20                                         Time:    2:00 p.m.
              vs.                          Dept.:   20
21                                         Judge:   Hon. Robert B. Freedman
     SODEXHO, INC,
22
                    Defendant.
23

24

25

26

27

28

LEGAL_US_W # 54623729.2

1    Additional counsel for plaintiffs:

2    AARON KAUFMANN (Cal. State Bar No. 148580)
       HINTON, ALFERT & SUMNER
3    1646 No. California Blvd., Suite 600
       Walnut Creek, California 94596
4    Telephone: (925) 932-6006
       Facsimile: (925) 932-3412
5    E-mail: kaufmann@hinton-law.com

6    JOHN W. BEEBE (Cal. State Bar No. 183500)
       GREEN & AZEVEDO
7    1234 H Street
       Sacramento, California 95814
8    Telephone: (916) 446-7701
       Facsimile: (916) 446-3430
9    E-mail: jbeebe@green-azevedo.com

10    JERRY BUDIN (Cal. State Bar No. 88539)
       LAW OFFICE OF JERRY BUDIN
11    1500 J Street, Second Floor
       Modesto, California 95354
12    Telephone: (209) 544-3030
       Facsimile: (209) 544-3144
13    E-mail: jerrybudin@msn.com

14    Additional counsel for defendant:

15    STEPHEN H. HARRIS (Cal. State Bar No. 184608)
       PAUL, HASTINGS, JANOFSKY & WALKER LLP
16    515 South Flower Street, 25th Floor
       Los Angeles, California 90071
17    Telephone: (21(3) 683-6000
       Facsimile: (21(3) 627-0705
18    E-mail: stephenharris@paulhastings.com

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 54623729.2

1   On October 19, 2006, a hearing was held on the joint motion of plaintiffs Herbert

2   Cevallos, Javier Castaneda, Carolina Zavala, and Gustavo Herrera, and defendant Sodexho, Inc.

3   ("Sodexho"), for final approval of their class settlement and plaintiffs' motion for attorneys' fees,

4   costs and class representative payments.  Daniel M. Feinberg of Lewis, Feinberg, Renaker &

5   Jackson, P.C.; Aaron Kaufmann of Hinton, Alfert & Sumner; John W. Beebe of Green &

6   Azevedo; and Jerry Budin of the Law Office of Jerry Budin appeared for plaintiffs; and Jeffrey D.

7   Wohl of Paul, Hastings, Janofsky & Walker LLP appeared for Sodexho.

8   . The parties have submitted their Joint Stipulation of Class Action Settlement and Release

9   ("Settlement Agreement"), which this Court preliminarily approved in its June 6, 2006, order.

10   The June 6, 2006, order was subsequently modified on October 3, 2006, and October 19, 2006,

11   based on the stipulation of the parties.  In accordance with the preliminary approval order and

12   subsequent orders modifying the preliminary approval order, class members have been given

13   notice of the terms of the Settlement Agreement and the opportunity to object to it or to exclude

14   themselves from its provisions.  No class member has objected to the proposed settlement.

15   Approximately 30 of the more than 11,000 class members initially filed elections not to

16   participate in the settlement; subsequently, a number of them, with the stipulation of the parties as

17   approved by the Court, were permitted to revoke their elections not to participate in the

18   settlement.

19   Having received and considered the proposed Settlement Agreement, the supporting

20   papers filed by the parties and plaintiffs, including the Declarations of Daniel Feinberg and the

21   Settlement Administrator, and the evidence and argument received by the Court at the

22   preliminary approval hearing held on June 6, 2006, and the final approval hearing on October 19,

23   2006, the Court grants final approval to the Settlement Agreement, and HEREBY ORDERS and

24   MAKES DETERMINATIONS as follows:

25   1.   Pursuant to this Court's orders of June 6, 2006, October 3, 2006, and October 19,

26   2006, a Notice of Class Action Settlement and Opportunity to Opt Out or Object to Settlement

27   was sent to each class member by first-class mail.  This notice informed class members of the

28   terms of the Settlement Agreement, their right to opt out of the class and Settlement Agreement

LEGAL_US_W # 54623729.2

1   provisions and pursue their own remedies, their opportunity to file written objections, and their

2   right to appear in person or by counsel at the final approval hearing and be heard regarding

3   approval of the settlement.  Adequate periods of time were provided by each of these procedures.

4   No class members filed written objections to the proposed settlement as part of this notice process

5   or stated an intent to appear at the final approval hearing.

6       2.    The Court finds and determines that this notice procedure afforded adequate

7   protections to class members and provides the basis for the Court to make an informed decision

8   regarding approval of the settlement based on the responses of class members.  The Court finds

9   and determines that the notice provided in this case was the best notice practicable, which

10  satisfied the requirements of law and due process.

11      3.    For the reasons stated in the Court's June 6, 2006, preliminary approval order, the

12  Court finds and determines that the proposed Settlement Class, as defined in the "Definition of

13  'Class Member'" section of the Settlement Agreement, meets all of the legal requirements for

14  class certification, and it is hereby ordered that the Settlement Class is finally approved and

15  certified as a class for purposes of settlement of this action.

16      4.    The Court finds that no class member has objected to the terms of the settlement.

17  The Court further finds and determines that the terms of the Settlement Agreement are fair,

18  reasonable and adequate to the class and to each class member and that the class members who

19  have not opted out shall by bound by the Settlement Agreement, that the Settlement Agreement is

20  ordered finally approved, and that all terms and provisions of the Settlement Agreement should be

21  and hereby are ordered to be consummated.

22      5.    The Court finds and determines that the payments to be made to the Settlement

23  Class Members as provided for in the Settlement Agreement are fair and reasonable.  The Court

24  hereby gives final approval to and orders the payment of those amounts be made to the Settlement

25  Class Members out of the $1.9 million total settlement fund in accordance with the terms of the

26  Settlement Agreement.

27      6.    The Court finds and determines that the payment of $500,000 for attorneys' fees

28  and costs for Class Counsel Lewis, Feinberg, Renaker & Jackson; Hinton, Alfert & Sumner;

1  Green & Azevedo; and the Law Offices of Jerry Budin are fair and reasonable. The Court hereby

2  gives final approval to and orders that that payment of 90% of that amount be made to Class

3  Counsel out of the $1.9 million total settlement fund pursuant to the terms of the Settlement

4  Agreement, with the remaining 10% ($50,000) to be deposited in an interest-bearing account until

5  a written certification and final accounting is provided to the Court upon the completion of the

6  administration of the settlement.

7        7.      The Court finds and determines that the payment of plaintiff participation awards

8  in the amount of $10,000 each to plaintiffs Herbert Cevallos, Javier Castaneda, Carolina Zavala,

9  and Gustavo Herrera for their services as class representatives, in addition to their individual

10  distributions, is fair and reasonable. The Court hereby gives final approval to and orders that the

11  payment of those amounts be made to plaintiffs out of the $1.9 million total settlement fund in

12  accordance with the terms of the Settlement Agreement.

13        8.      The Court finds and determines that the payment of $10,000 to the Labor and

14  Workforce Development Agency ("LWDA") in settlement of the LWDA's share of the penalties

15  alleged by plaintiffs and compromised under the Settlement Agreement is fair and reasonable.

16  The Court hereby gives final approval to and orders that the payment of that amount be made to

17  the LWDA out of the $1.9 million total settlement fund in accordance with the terms of the

18  Settlement Agreement.

19        9.      The Court finds and determines that the fees and expenses of administrating the

20  settlement, including those of the Settlement Administrator, Rust Consulting, Inc., are fair and

21  reasonable. The Court hereby gives final approval to and orders that the payment of those

22  amounts be paid out of the $1.9 million total settlement fund in accordance with the terms of the

23  Settlement Agreement.

24        10.      The Court retains jurisdiction of all matters relating to the interpretation,

25  administration, implementation, effectuation and enforcement of this Order and the Settlement

26  Agreement.

27

28

1    11.    Nothing in this order shall preclude any action to enforce the parties' obligations

2   under the Settlement Agreement or under this order, including the requirement that Sodexho

3   make payments to the class members in accordance with the terms of the Settlement Agreement.

4    12.    Upon completion of administration of the settlement, the Settlement Administrator

5   shall provide written certification of such completion to the Superior Court and counsel for the

6   parties.  Also upon completion of the administration of the settlement, Sodexho and Class

7   Counsel will each nominate for appointment by the Court a *cy pres* beneficiary to receive one-

8   half of any remaining settlement funds.

9    13.    Pursuant to the settlement, all Settlement Class Members are permanently barred

10   from prosecuting against  Sodexho and each of its past or present officers, directors, shareholders,

11   employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers

12   and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries,

13   affiliates, parents and attorneys and each of their employee benefit plans, and all of their

14   respective officers, directors, employees, administrators, fiduciaries, trustees and agents, any

15   individual or class claims as set forth in the Settlement Agreement.

16    14.    The parties are hereby ordered to comply with the terms of the Settlement

17   Agreement.

18    15.    This action is hereby ordered dismissed with prejudice, provided that the Court

19   will conduct a compliance hearing with respect to the Settlement on April 12, 2007, at 9:00 a.m.

20   At that time, the Court may schedule one or more additional compliance hearings as it deems

21   appropriate.

22   Dated: November 21, 2006.

23

24   _____

25   Robert B. Freedman
     Judge of the Superior Court

26

27

28